**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**SAMUEL RAMOS-BONILLA,**

Defendant.

Criminal No. 25-063 (SCC) (HRV)

**MEMORANDUM AND ORDER**

## I. Background

On February 6, 2025, a Grand Jury sitting in this district returned a six-count Indictment charging Defendant Samuel Ramos-Bonilla's ("Mr. Ramos-Bonilla") with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(Counts Four and Five); possession of firearms, including a machinegun, in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (Counts One and Two); and unlawful possession of a machinegun in violation of 18 U.S.C. § 922(o) (Count Six). (Docket No. 12). Despite an unfavorable recommendation from the Pre-trial Services Officer (Docket No. 7), I set conditions of release for Mr. Ramos-Bonilla. (Docket Nos. 9, 14).

On July 31, 2026, the United States Probation Officer in charge of Mr. Ramos-Bonilla's bail supervision filed a "Motion Notifying Bail Violations and Requesting Arrest Warrant." (Docket No. 109). In the motion, the probation officer notified the Court that

upon the execution of a judicially authorized state search warrant in Mr. Ramos-Bonilla's residence, Puerto Rico Police Bureau ("PRPB") agents found and seized two firearms—a rifle and a Glock pistol—several magazines, ammunition, and controlled substances. (Id.). Mr. Ramos-Bonilla was arrested and initially charged by way of criminal complaint (26-mj-696-MEL) but was subsequently charged by the Grand Jury with violations to 21 U.S.C. § 841(a), possession with intent to distribute controlled substances, and 18 U.S.C. § 924(c), possession of firearms (including a machinegun) in furtherance of drug trafficking. *See* Criminal No. 26-308 (MAJ). The probation officer alleged that these charges and the conduct that underlies them constitute a violation to the conditions of bail release requiring that Defendant "not violate federal, state, or local law while on release", that he "not possess a firearm", and that he "not unlawfully possess a narcotic drug." (Docket No. 109 at 2).

Mr. Ramos-Bonilla appeared before me on August 18, 2026, for a bond revocation hearing, and contested the alleged violations. (Docket No. 117). The United States presented the testimony of PRPB agent Elliot Burgos-Ávila. The Court also received into evidence several photographs (Government Exhibits 1-9), and the state search warrant (Defense Exhibit A). The defense called to the stand Ms. Celeste De Jesús-Flores, Mr. Ramos-Bonilla's consensual partner. At the conclusion of the hearing, I took this matter under advisement.

After careful consideration of the evidence presented and the arguments made at the revocation hearing, and for the reasons explained below, Mr. Ramos-Bonilla's bail is revoked, and he is ordered detained pending trial.

## II. Legal Standard

The statute that governs revocation of release orders, 18 U.S.C. § 3148, provides in relevant part that a "judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

> (1) finds that there is—
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release . . . and
>
> ****
> (2) finds that—
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. §§ 3148(b)(1) and (2). *United States v. Pasciuti,* 958 F.2d 361 (1st Cir. 1992) [reported in full text format at 1992 U.S. App. LEXIS 15183, at *9-10]. The statute further provides that

> [i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

*Id.* Once this presumption is triggered, a defendant is only required to produce "some evidence" to rebut it. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810, 814 (1st Cir. 1990). "When a defendant produces such evidence, however, the presumption does not disappear. The

burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991).

## III. Discussion

### A. Probable Cause

Here, since the Grand Jury has returned an indictment against Mr. Ramos-Bonilla, the Court finds that there is probable cause to believe that he has committed federal crimes while on release. *See United States v. Gennaco*, 843 F. Supp. 2d 38, 42 (D. Mass. 2011) (finding that a superseding indictment gave rise to probable cause that the defendant committed a crime while on pre-trial release.). Accordingly, the presumption set forth in 18 U.S.C. § 3148(b) that no condition or combination of conditions will assure that the Defendant will not pose a danger to the safety of any other person or the community has been triggered. *United States v. Alfonso*, 284 F. Supp. 2d 193, 202 (D. Mass. 2003) (quoting 18 U.S.C. §3148(b) ("An affirmative finding on the first prong helps lead to an affirmative finding on the second prong: once there is probable cause to believe that the person 'committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.'").

In attempting to meet his burden of production, which is concededly not heavy, Mr. Ramos-Bonilla simply relies on his good compliance while on conditions of release, including the fact that he is working, and on his challenge to the Government's evidence. On the latter score, the essence of Mr. Ramos-Bonilla's position as to why revocation is not warranted is that the Government's evidence is weak. He argues that the Government relies on a theory of constructive possession because the contraband was found in an

unfenced area underneath his house which, according to him, can be accessed by anyone. Moreover, Mr. Ramos-Bonilla vehemently denies having any knowledge of the presence of the firearms, ammunition and controlled substances found in the premises of the house he resides in with his partner and minor children. He also points to the affidavit in support of the search warrant which mentions another individual. I question whether this is enough to rebut the presumption.

**B. Section 3142(g) Factors**

At any rate, even assuming arguendo that the presumption has been rebutted, the undersigned would still find, after weighing the factors set forth in 18 U.S.C. § 3142(g), that the government met its burden to show, by clear and convincing evidence[1], that there is no condition or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community.[2]

***1. The nature and circumstances of the offense – 18 U.S.C. § 3142(g)(1)***

The Defendant is charged in this case with possession with intent to distribute controlled substances and possession of a firearm, a machinegun, in furtherance of a drug-trafficking crime. (Docket No. 12). The new indictment charges Mr. Ramos-Bonilla again with a drug-trafficking crime and possession of a machinegun and another firearm

1 Under 18 U.S.C. § 3148(b)(2)(A), the government bears the burden to prove, by clear and convincing evidence, that based on the factors set forth in 18 U.S.C. § 3142(g), no condition or combination of conditions of release will assure the safety of any other person or the community. *See United States v. Couture*, No. 21-cr-10172-NMG, 2022 U.S. Dist. LEXIS 29911, 2022 WL 483830, at *4 (D. Mass. Feb. 11, 2022) (applying the clear and convincing evidence standard to a request for revocation under both 18 U.S.C. §§ 3142(f) and 3148(b)(2)(A)).

2 I find that a proper balancing of the section 3142(g) factors supports that there still may be a combination of conditions that will reasonably assure that Mr. Ramos-Bonilla will not flee.

in furtherance thereof. (Criminal No. 26-308 (MAJ), Docket No. 12). These are exceedingly serious offenses. And as the Government correctly points out, the circumstances giving rise to both indictments are uncannily similar: execution of a state search warrant that uncovered guns and drugs in the lower part of the residence while his family was present.

### 2. *The weight of the evidence – 18 U.S.C. § 3142(g)(2)*

In the context of revocation of bail, some courts have held that "[t]his factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). "'[T]he weight of the evidence against the person,' is not relevant to whether probable cause has been established. By its terms, it deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community." *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). Other courts, in the same context, have noted that weight of the evidence is the least important of the factors because the Court's function is not to determine guilt or innocence given that it is inherently difficult to assess the Government's case before trial and because the defendant is presumed innocent. *United States v. Parker*, 65 F. Supp. 3d 358, 365 (W.D.N.Y. 2014) (cleaned up). Thus, despite Mr. Ramos-Bonilla's invitation for the undersigned to focus almost exclusively on the circumstantial nature of the Government's case, I decline to do so because following the probable cause finding, the relative weight of the evidence is not determinative. *See United States v. Manafort*, 897 F.3d 340, 344 (D.C. Cir. 2018) (observing that "[t]he District Court declined to 'get into any assessment of the strength or the deficiencies of the evidence that's been presented' because the Grand Jury indictment

was conclusive as to probable cause" and finding that even if the presumption had been rebutted, it remained a relevant factor in the assessment of danger to the community.).

### *3. History and Characteristics of the Defendant – 18 U.S.C. § 3142(g)(3)*

Mr. Ramos-Bonilla has significant community and family ties and has secured gainful employment. To his credit, except for a minor violation of testing positive to cannabinoids at the beginning of the bail supervision period (Docket No. 21), Defendant has been in compliance with his conditions to the point that the undersigned gradually reduced the intensity of some of them. (Docket Nos. 43, 54, and 85). If risk of flight was the issue in this case, I would be hard pressed to find that there is no condition or combination of conditions of release that would reasonably assure his appearance. However, the issue here is dangerousness given the serious nature of the charges. The undersigned cannot simply ignore the fact that the new criminal conduct is alleged to have occurred while under the conditions of release I imposed on him. *See* 18 U.S.C. § 3142(g)(3) (B). Where, as here, there is probable cause to believe that the Defendant engaged in new criminal conduct while on pretrial release, he has failed to comply with the most fundamental condition under the Bail Reform Act. This factor, therefore, weighs in favor of detention.

### *4. The nature and seriousness of the danger the community – 18 U.S.C. § 3142(g)(4)*

"The concern about safety [of the community] is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks

omitted). The new charges based on almost identical alleged conduct as the offenses with which Mr. Ramos-Bonilla was charged here, and for which he was granted pretrial release, shows a proclivity to engage in criminal activity.

## IV. Conclusion

In view of the foregoing, and pursuant to 18 U.S.C. § 3142(h)(i), the undersigned directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 20th day of August, 2026.

***s/Héctor L. Ramos-Vega***
HÉCTOR L. RAMOS-VEGA
United States Magistrate Judge